## Lillian Mikkelsen, Defendant in Error, v. George Mikkelsen, Plaintiff in Error.

### Gen. No. 30,242.

1. DIVORCE—*single act of cruelty after remarriage as reviving like grounds based upon acts during former marriage.* A decree for divorce upon the ground of extreme and repeated cruelty, entered for the wife following the remarriage of the parties after their prior divorce at her suit upon like grounds, is not sustained by evidence of a single act of extreme cruelty on the part of the defendant subsequent to the remarriage, causes of action arising under the first marriage not being revived by a repetition of the grounds thereof during the second marriage.

2. DIVORCE—*repetition of acts of extreme cruelty as prerequisite to divorce.* To support a decree of divorce upon the ground of extreme and repeated cruelty there must be proof of at least two acts of that character.

3. DIVORCE—*sufficiency of evidence to establish act of extreme cruelty.* Evidence in a suit for divorce upon the ground of extreme and repeated cruelty held to preponderate in favor of the defendant as to one of the alleged acts relied upon, and hence to require a reversal of the decree for plaintiff.

Error by defendant to the Superior Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed and remanded with directions. Opinion filed February 2, 1926.

LOUIS L. COHEN, for plaintiff in error.

FRANK B. TEED, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This writ of error is brought to reverse a decree for divorce on the ground of extreme and repeated cruelty, granted to the complainant, defendant in error.

The decree recites that the cause came on for hear-

ing on the second amended bill and the supplemental bill and the answers thereto, and finds that the parties were married in June, 1914; that complainant obtained a divorce in 1917 on the grounds of extreme and repeated cruelty and drunkenness; that on June 25, 1917, complainant, relying on his promise to treat her in a proper manner as a husband should, remarried; that defendant was guilty of extreme and repeated cruelty on two specified occasions, namely, June 4, 1922, and February 21, 1923; that the equities of the case entitled her to the relief prayed for in her second amended and supplemental bills of complaint.

The original bill was filed June 6, 1922, the second amended bill February 14, 1923, and the supplemental bill February 28, 1923.

The original and amended bills charged only one act of cruelty as occurring after the remarriage, namely, that on June 4, 1922.

After a full hearing had upon the issues formed upon the answers to the second amended bill and defendant's cross-bill, and both parties had rested, the court directed dismissal of both the bill and the cross-bill but no order therefor was entered. Later, on leave given, complainant filed her said supplemental bill. It repeated in substance the averments of the amended bill and charged an additional act of violence as occurring on February 21, 1923, two days after said hearing. Defendant was ruled to plead, answer or demur thereto and filed an answer on which additional evidence was heard, and the decree aforesaid was entered.

In support of the decree and the right to hear evidence of acts of cruelty committed during the first marriage, counsel for defendant in error invokes the doctrine that the repetition of a condoned offense against the marital relation revives the offense so condoned. In invoking that doctrine counsel loses sight of the fact that when all the alleged acts of

cruelty occurred there was not a continuous marital relation. Each marriage constituted a separate civil contract. The personal relation or status created by the first marriage having been terminated by the former divorce, what occurred during that marriage had no relation to rights or causes of action arising under the second contract of marriage. The relation under each marriage being distinct and separate, a cause of action for dissolution of the second marriage must necessarily have arisen during its existence. The new marriage did not revive the relation as of date of the former marriage, nor alter the fact that the former relation was legally terminated by the first decree of divorce. We think there is no question that only proof of acts of cruelty occurring during the second marriage was admissible in evidence.

It having been frequently held that to constitute extreme and repeated cruelty there must be at least two acts of physical violence, no decree could have rested on the second amended bill as it relied upon and charged only one act of cruelty during the second marriage.

The supplemental bill, however, is based on said act and one alleged to have been committed after the original bills were filed. Whether the original bills could be aided by the supplemental bill containing such an allegation need not be discussed, for on a careful review of the evidence we are convinced that it clearly preponderates in favor of plaintiff in error with respect to the alleged act of cruelty on June 4, 1922, that is charged in all the bills. The evidence of complainant with respect to that incident is uncorroborated, while several witnesses supported plaintiff in error's version of it to the effect that he acted only in self-defense on that occasion. Therefore, even if the supplemental bill could be entertained and the proof of cruelty charged therein as having taken place on February 21, 1923, were satisfactory, the record would

still show only one act of physical violence or cruelty after the remarriage, and hence the decree upon the charge of extreme and repeated cruelty must be reversed, and the cause remanded with directions to dismiss the several bills, including the cross-bill, in respect of which no order was entered.

*Reversed and remanded with directions.*

Gridley and Fitch, JJ., concur.