[Civ. No. 2152.   Fourth Appellate District.—February 7, 1938.]

IRA A. GWIN, Respondent, v. KENNETH LAVELLE
    CAMP et al., Defendants; HAROLD L. CAMP, Appellant.

Burke, Hickson & Marshall, Vincent C. Hickson and Harry
C. Williams for Appellant.

Ira A. Gwin, *in pro. per.*, for Respondent.

MARKS, J.—Plaintiff instituted this action to quiet his
title to lot one, block eleven, as shown by map number one

of the Bear Valley and Allesandro Development Company, in Riverside County, California. Defendants Blanch Camp and Eli Ralph Camp disclaimed. Harold L. Camp asserted title in himself and filed a cross-complaint in which he sought to have his title quieted and also to have a mortgage and the proceedings foreclosing it reformed because of mutual mistake. Judgment went for plaintiff and Harold L. Camp has appealed.

For brevity, we will hereafter refer to the lots in block eleven in the Bear Valley tract by the lot number only. We will refer to Harold L. Camp as the defendant.

By a deed dated March 6, 1930, Sadie A. Miller deeded to Kenneth Lavelle Camp and Cora Alice Camp, his wife, as joint tenants, lots one, seven and eight in the Bear Valley tract. On March 12, 1930, Kenneth Lavelle Camp and Cora Alice Camp conveyed these lots to the Security-First National Bank of Los Angeles, trustee, for Sadie A. Miller, beneficiary, to secure the payment of a $3,000 promissory note. The trustee executed a full reconveyance of this property on March 9, 1931.

Under date of March 10, 1931, Kenneth Lavelle Camp and Cora Alice Camp executed a mortgage to defendant to secure the payment of a $3,000 promissory note. The mortgaged property was described as lots seven and eight of the Bear Valley tract. This mortgage was foreclosed and under date of March 20, 1935, defendant received a commissioner's deed to the property.

Defendant, in his cross-complaint, sought to have the mortgage and foreclosure proceedings reformed so as to include lot one of the Bear Valley tract which he maintained had been omitted from the description in the mortgage by mutual mistake.

On September 12, 1933, Cora Alice Camp instituted an action for divorce against Kenneth Lavelle Camp. In an amended and supplemental complaint she alleged:

"That the community property consists of the following: Thirty acres of walnut bearing land at Ironwood and Redland Road in Moreno, Riverside County, California, together with about fifty shares of water stock in the Moreno Mutual Irrigation Company; that said property is of the reasonable value of $6,000.00; that the said property is mortgaged to

Harold L. Camp, a brother of the defendant, in the sum—$3,000.00;''

An interlocutory decree of divorce was granted on July 9, 1934, which contained the following:

''That all the community property is awarded plaintiff and cross-defendant, consisting of thirty acres of walnut orchards at Moreno, California, referred to in plaintiff's amended and supplemental complaint and described as follows:

''Lot seven (7) and eight (8) in Block Eleven (11) as shown by Map number One of the Bear Valley and Allesandro Development Company, recorded in Book 11, page 10 of Maps, Records of San Bernardino County, California, and all of which is in Riverside County, California.'' On April 22, 1935, Cora Alice Camp moved to have the interlocutory decree amended so that lot one of the Bear Valley tract be included in the property set aside to her. Her motion was denied.

On January 21, 1935, Cora Alice Camp deeded to Ira A. Gwin lot one in the Bear Valley tract. Gwin, the plaintiff here, was attorney for Cora Alice Camp in the divorce and subsequent proceedings and had notice of the condition of the title to lot one.

On May 6, 1935, Kenneth Lavelle Camp conveyed this same lot one to Blanch Camp. On May 9, 1935, Blanch Camp conveyed this property to Harold L. Camp, defendant here.

This action to quiet plaintiff's title was instituted on May 22, 1935.

■ The evidence is overwhelming in support of the contention of defendant that a mutual mistake was made in drawing the mortgage which resulted in the omission of lot one from the property therein described. When the commissioner's certificate of sale was issued in the foreclosure proceedings defendant went into possession of the thirty acres, farmed all of them and paid taxes on all of it. The mistake was not discovered until early in 1935, shortly before the deeds to plaintiff and to defendant were executed.

From the facts outlined it is apparent that the finding to the effect that plaintiff is the owner of all of lot one of the Bear Valley tract is not supported by the evidence but is contrary to it. He could have acquired no greater interest in the property than Cora Alice Camp, his grantor, had at the time she conveyed to him.

■ The land was originally the property of Kenneth Lavelle Camp and Cora Alice Camp as joint tenants. It was not community property as the two estates, community and joint tenancy, cannot exist in the same property at the same time. (*Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003].) It was not set aside to Cora Alice Camp in the divorce decree. It retained its status of joint tenancy property until that estate was terminated by the deed from Cora Alice Camp to plaintiff.

■ Where a husband and wife hold property in joint tenancy and the wife conveys her interest to a third party the joint tenancy is terminated and the husband and the grantee of the wife become tenants in common, each owning an undivided one-half interest in the property. (*Delanoy* v. *Delanoy*, 216 Cal. 23 [13 Pac. (2d) 513]; *Smith* v. *Lombard*, 201 Cal. 518 [258 Pac. 55]; *Tilden* v. *Tilden*, 81 Cal. App. 535 [254 Pac. 310]; *Oberwise* v. *Poulos*, 124 Cal. App. 247 [12 Pac. (2d) 156].) The interest of Cora Alice Camp passed to plaintiff. The interest of Kenneth Lavelle Camp passed to defendant. This would leave the title to lot one of the Bear Valley tract vested in plaintiff and defendant as tenants in common, each owning an undivided one-half interest in the property at the time of the commencement of this action. It would remain so vested unless defendant be successful in an effort to divest plaintiff of his title.

The findings of fact are so confused and contrary to admitted facts that we are unable to reach a satisfactory conclusion as to the trial court's grounds for its decision. To illustrate: it was found that Kenneth Lavelle Camp and Cora Alice Camp did not deliver their promissory note for $3,000 to defendant; that they did not execute and deliver to defendant a mortgage on lots seven and eight of the Bear Valley tract; that Kenneth Lavelle Camp and Cora Alice Camp did not make default in the payments on the note; that the mortgage was not foreclosed. Facts directly contrary to these findings were proved by undisputed documentary evidence. There are other findings equally contrary to undisputed evidence.

For these reasons we believe the judgment should be reversed and the cause remanded for a new trial.

The judgment is reversed.

Barnard, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1938, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 8, 1938.