Carol P. Kokotekian, Plaintiff, v. Richard L. Kokotekian, Petitioner-Appellant. Loretta Gross, Respondent-Appellee.

Gen. No. 47,657.

First District, Third Division.

October 14, 1959.

Released for publication November 12, 1959.

Ronan and Cunningham, of Chicago (E. T. Cunningham and Richard W. Funk, of counsel) for appellant.

Irving Goodman and Paul Levenfeld, of Chicago, for appellee.

JUSTICE BURKE delivered the opinion of the court.

Richard L. Kokotekian married Carol Starr on September 22, 1951. They have one child, Renee, born November 8, 1952. Following a complaint for divorce filed by the wife, the Circuit Court of Cook County on

171

May 27, 1955, entered a decree dissolving the bonds of matrimony and adjudging that by stipulation the sole care, custody and control of Renee be granted to Loretta Gross, the paternal grandmother. On April 6, 1957, the father married Janet Kokotekian. On June 18, 1958, he petitioned to modify the decree so as to award custody of his daughter to him. The grandmother answered raising issues of fact and concluding that it is for the best interests of the child that custody remain with her. Following extensive testimony the chancellor denied the petition to modify the decree. Petitioner, appealing, asks that we reverse the order and remand the cause with directions to award custody of his daughter to him.

The petitioner is 28 years old and his wife is 23 years old. At the time of the hearing the petitioner and his wife were living in a good environment in pleasant suburban surroundings. He had been gainfully employed as a police officer for 6 months prior to the hearing. His wife is employed as a school teacher. They have made plans for the child's education and are devoted to her. They took the child for visits to their home for periods approaching a week. The mother visited her daughter for three months after the decree. She did not attempt to see her daughter thereafter. No point is made of the failure to serve the mother with notice of the application to change the custody of her child.

Much of the transcript of the testimony is devoted to a consideration of petitioner's working habits and his support of Renee. There was evidence that for a period of two years before he became a police officer petitioner had numerous different "jobs," that he had been unable to hold a "job" and that he did not contribute to the support of his daughter. Petitioner and his wife testified that they bought clothes for the

172

child and paid her doctor's bills. He testified that he gave his mother (respondent) 4 checks for $50 each for support of the child. Respondent and her husband testified that the checks were not for support but that she cashed them for petitioner and gave him the money. Petitioner testified that he paid a bill to a physician for services to his daughter in the sum of $200. There was testimony that this bill was not paid. There was evidence that respondent had the care, custody and control of Renee most of the time from her birth to the present. Renee has a good home with respondent, receives excellent care and is happy.

■■ The controlling question in litigation involving the custody of a child is: What is for the best interests of the child? See Giacopelli v. Florence Crittenton Home, 16 Ill.2d 556. In that case the court said (565):

"It is always recognized that a natural parent has a superior right to the custody of his child. That right, however, is not absolute and must yield to the best interest of the child. Such superior right only obtains when it is in accord with the best interest of the child. . . . Fitness of the parent is only one of the factors to be considered in determining how the best interest of the child may be served. . . . It is not necessary that the natural parents be found unfit. . . . Finally, the trial judge had the best opportunity to observe the parties and their conduct and demeanor while testifying. This is a vital factor in evaluating the correctness of his determination. We should not disturb his findings unless they are palpably against the weight of the evidence. Upon our review, we cannot disagree with his findings."

We cannot say that the finding of the chancellor is against the manifest weight of the evidence. We are

convinced that he did not err in leaving the custody of Renee with respondent.

Therefore the order is affirmed.

Order affirmed.

BRYANT, P. J. and FRIEND, J., concur.