Rodney L. Carlson and Carol Ann Carlson, Plaintiffs-Appellants, v. Robert Dean Oberling and Pamela Kay Oberling, Defendants-Appellees.

Gen. No. 10,704.

Fourth District.

July 25, 1966.

Penick, Wooleyhan & Nielson, of Quincy, for appellants.

William Brown, guardian ad litem, Schlagenhauf and Brown, of Quincy, for appellees.

CRAVEN, J.

This proceeding was instituted by the filing of a petition for adoption by a mother and stepfather to adopt the mother's four-year-old daughter by a prior marriage. The father, who had also remarried subsequent to the divorce, was a defendant below but filed no appearance in this court.

In cases where the appellee files no brief or appearance in this court, the prayer of the appellants that the judgment below be reversed could be allowed. In this case we have determined that, in order to do substantial justice, the matter must be considered on the record and brief of the appellant. See Zaidenberg v. Occidental Life Ins. Co., 65 Ill App2d 305, 212 NE2d 526 (1965) and cases there cited.

After a hearing on the petition and a consideration of the position of the guardian ad litem for the minor daughter, the court denied the adoption, and this appeal is from that order.

There is no question in this case as to the fitness of the mother, the stepfather, the home or the environment. The record establishes and the circuit court found no objection to the adoption insofar as it relates to the fitness of the petitioners as adoptive parents.

413

The only question here for review is whether the defendant father was guilty of abandoning the child, deserting her, or was so guilty of neglect as to warrant the termination of his parental rights by granting the petition for adoption.

The record, as it relates to these areas of inquiry, establishes that the mother and father were divorced in 1962 upon the grounds of adultery committed by the father. Custody of the daughter was awarded the mother. Support payments of $17.50 per week were included in the decree of divorce. During the interval between the divorce and the petition for adoption in 1965, the father made only some five months of child-support payments. On one occasion, unsuccessful contempt proceedings were initiated in the divorce action to compel payment.

In other respects the record establishes that the defendant regularly visited his daughter and generally conducted himself properly in regard to his child. He maintained insurance policies on the life of his daughter and, on occasion, sent her gifts.

The circuit court filed a most helpful and comprehensive statement of its action and the legal and evidentiary reasons therefor. It was the conclusion of that court that the question presented in this case for decision was "whether or not the defendant's complete failure of support is sufficient to constitute desertion under adoption statutes of this state." The court concluded on this record that it was not, although expressing the opinion that the defendant had come "frightfully close" to having his rights as a parent extinguished.

In Giacopelli v. Florence Crittenton Home, 16 Ill2d 556, 158 NE2d 613 (1959), the Illinois Supreme Court considered the question here involved and discussed the natural rights of the parents in relation to the welfare and best interest of the child. In a concurring opinion, three members of the court expressed the view that parents must be found unfit before their child may be

414

taken from them against their will. The concurring opinion concluded with the observation that the right of natural parents is superior to that of any other person and that the child should not be removed to a more suitable environment absent a determination that the parents were unable or unwilling, either materially, morally, or emotionally, to give the child care, affection and support.

Subsequent to that opinion of the Supreme Court, the legislature adopted the Adoption Act of 1959 (par 9.1–1 et seq., c 4, Ill Rev Stats 1965). In paragraph 9.1–15 of that act there is a legislative declaration that the welfare of the child shall be the prime consideration in all adoption proceedings. Elsewhere in the act there are references to "abandonment," "neglect" and "desertion."

The case of Houston v. Brackett, 38 Ill App2d 463, 187 NE2d 545 (1963), involved facts somewhat similar to those in this case. The court there affirmed an order of the circuit court granting the prayer of the petition for adoption. In that case the natural father was in default on support payments, had seen the children sought to be adopted only at the time the divorce was granted and some four times in a year when he was found guilty of contempt for failure to supply support. In that case, unlike this one, the father had maintained little contact with the family and was found unfit by the trial court.

In Thorpe v. Thorpe, 48 Ill App2d 455, 198 NE2d 743 (1964), this court reversed an order of the circuit court denying adoption and discussed the question of desertion and abandonment as those terms are used in the Adoption Act. "Desertion" was described as action by a parent that would indicate an intention to terminate custody permanently but not to relinquish all parental duties and claim to the child. "Abandonment" was described as conduct on the part of a parent which evinces a settled purpose to forego parental duties and relin-

415

quishes all parental claims to the child. In both, intent and an examination of the conduct toward the child are proper areas of judicial inquiry.

Measuring the facts in this case by the definitions in Thorpe, there is neither an abandonment nor a desertion, nor can we say that there is neglect as contemplated by the Adoption Act.

In so concluding, neither this court nor the circuit court can be unmindful of the legislative declaration that in adoption proceedings the welfare of the child shall be the prime consideration. In this case the mother has custody of the child. The father has not relinquished all parental interest, but rather has maintained those interests. He is delinquent in his support payments. Failure to supply support under the facts of this case, however reprehensible, does not necessarily, and for that reason alone, mean that the parental rights would be extinguished by adoption.

In the difficult area of judicial inquiry as to what is the best interest of a child, it is agreed that the correctness of the trial court's determination should not be disturbed unless it is palpably against the manifest weight of the evidence. Houston v. Brackett, supra; Campbell v. Fisher, 28 Ill App2d 454, 171 NE2d 810 (1961).

The decision of the circuit court of Adams County denying this petition for adoption cannot be said to be against the manifest weight of the evidence. The judgment of the circuit court is affirmed.

Affirmed.

TRAPP, P. J. and SMITH, J., concur.