Richard Lee Robinson and Joanne Marie Robinson, Petitioners-Appellants, v. Melody Lynn Neubauer and Martin Eugene Neubauer, Respondents-Appellees.

Gen. No. 10,782.

Fourth District.

February 9, 1967.

Thomson, Thomson & Mirza, of Bloomington (Jerome Mirza, of counsel), for appellants.

Fellheimer & Vicars, of Pontiac (Walter L. Stodd, of counsel), for appellees.

CRAVEN, P. J.

A petition for adoption was filed in the circuit court of Livingston County by Mr. and Mrs. Richard Robinson, seeking to adopt Melody Lynn Neubauer, then aged almost four years. Martin Eugene Neubauer, her father, a named defendant, was alleged to be an unfit person by reason of abandonment of the child, desertion and other neglect, or other misconduct toward the child. The circuit court denied the petition for adoption and this appeal followed.

Melody Lynn was born on April 24, 1962. Her mother, Dorothy Neubauer, died in childbirth. Upon the release of the child from the hospital, the father placed her in the home of the Robinsons. Mrs. Robinson and Dorothy Neubauer were sisters. For a brief period of time Martin Neubauer also lived in the Robinson home. Mrs. Robinson cared for the child.

After some six to eight weeks, Martin Neubauer moved from the Robinson home to quarters of his own in the same area and continued weekly visits with the child. In the spring of 1965, he again moved, this time to Bloomington, Illinois, and his visits became less frequent, about every two or three weeks. A Social Security check that Martin, as the father of the child, received each month in the amount of $65 was distributed by the payment of $40 to the Robinsons for the support of the child and the remainder of $25 was placed in an account for the child by the father. The record indicates

that there were additional expenditures by the father for the child but in negligible amounts.

In June of 1965, Martin Neubauer married Catherine Neubauer. Following the marriage, the Neubauers visited the Robinsons some thirty times. Martin ultimately requested custody of his daughter in January of 1966. The Robinsons refused custody and soon after the demand for custody, instituted this proceeding to adopt the child.

It is uncontroverted that the Robinsons are fit persons and that they supplied the child with a good and suitable home. The relationship between them and the child was indeed not unlike the relationship of parent and child. The child regarded and referred to them as parents. Martin Neubauer, the father, apparently acquiesced in this and was regarded by the child as a friend.

There is conflict in the evidence as between Mr. Neubauer and Mrs. Robinson as to whether the initial placement of the child was a permanent arrangement or was thereafter changed so as to be a permanent arrangement. Mrs. Robinson testified, in substance, that when the child and her father came to live in the Robinson home, Martin informed her that he did not know how long he was going to let the Robinsons keep the child and that he reserved the right to retake the child at any time. Later, in the spring of 1965, she believed from a conversation with him that the child would remain permanently in the Robinson household. Neubauer, on the other hand, concedes only that there was a discussion of permanent custody but that no conclusion was ever reached. He testified that his daughter was to remain with the Robinsons subject to certain conditions, apparently rights of visitation, not unlike the rights of visitation of a divorced parent when custody is with the other parent.

█ The adoption of children is a practice that was introduced into the law of Illinois by statute. It was derived from the civil and Roman law, and was unknown to the common law. The Adoption Statute has been the subject of much litigation and legislative revision. The most recent revision occurred in 1959. (See Historical Note, SHA ch 4, par 1.) A petition for adoption is, by statute, required to establish either that there is a consent to adoption or that a consent is not required, where the person whose consent would otherwise be required is found by the court to be an unfit person. In this case, there being no consent by the father, the petition alleged his unfitness by reason of abandonment of the child, desertion of the child, or other neglect or misconduct toward the child.

█ The facts in this case do not establish abandonment as that term has been used in adoption proceedings. Abandonment has been defined as any conduct on the part of the parent which evidences a settled purpose to forego all claims to the child. Thorpe v. Thorpe, 48 Ill App2d 455, 198 NE2d 743 (4th Dist 1964), and cases there cited. Desertion, as contemplated by the Adoption Act, is something less than abandonment but would necessarily require the establishment of the existence of an intention by the parent to terminate, permanently, custody over the child but not to relinquish all parental duties. In the argument of this case, the assertion of abandonment was dropped and it is essentially here urged that the circuit court erred in failing to find the existence of desertion.

In Carlson v. Oberling, 73 Ill App2d 412, 218 NE2d 820 (4th Dist 1966), we discussed the question of desertion and abandonment, adopting the definition of those terms as found in Thorpe. The facts in this case do not establish desertion, which must necessarily have a far broader meaning than physical separation.

It is clear to us that the defendant Martin Neubauer, as the father of the child, must either consent to her adoption or must have been guilty of conduct detrimental to the best interest of the child to warrant a judicial determination of unfitness so that his consent is not required by reason of that detrimental conduct. Here there has not been abandonment, there has not been desertion, and nothing is suggested to establish other neglect or misconduct toward the child.

The appellees contend that the controlling question in this case relates to the best interest of the child and urge that the granting of the petition to adopt in this case is not dependent upon a finding of unfitness. The following cases are cited in support of that proposition: Giacopelli v. Florence Crittenton Home, 16 Ill2d 556, 158 NE2d 613 (1959); Campbell v. Fisher, 28 Ill App2d 454, 171 NE2d 810 (2nd Dist 1961); Houston v. Brackett, 38 Ill App2d 463, 187 NE2d 545 (2nd Dist 1963); Huber v. Huber, 26 Ill App2d 207, 167 NE2d 431 (2nd Dist 1960); People v. Weeks, 228 Ill App 262; People v. Porter, 23 Ill App 196; Kokotekian v. Kokotekian, 23 Ill App2d 171, 161 NE2d 712 (1st Dist 1959). An examination of these cases does not show a case involving adoption without the consent of the natural parent or a finding of unfitness of the natural parent, although it is true that there is an abundance of language to the effect that the welfare of the child is to be decisive. In Giacopelli there is to be found language that there was an abandonment of the child. The concurring opinion, by three members of the Court, agreed with the result for that specified reason, concluding that the result was dictated by reason of that unfitness and not solely "for the best interests of the child." That concurring opinion has language that it is only where the parents are proved unfit to have custody of children that a court will deprive them

of it. The Campbell case quotes the majority language of Giacopelli, but in Campbell there had been a finding of unfitness by the trial court and that finding was specifically affirmed by the Appellate Court. The same is true in the case of Houston v. Brackett. Huber, Kokotekian, People v. Weeks, and People v. Porter are custody cases—not adoption—and, while possibly persuasive, custody obviously involves the best interest of the child, as does adoption, but differs in that a decree of adoption operates to deprive the natural parent of all legal rights as respect the child. (Ill Rev Stats 1965, c 4, par 9.1–17.)

■■ ■■ The Adoption Act, as revised in 1959, is a legislative enactment subsequent to most of the cases relied upon by the appellants. We agree with the appellants that in adoption, as in custody, the best interest of the child is a proper area of studied judicial concern. A condition precedent to adoption, however, is either consent of the parent or a finding by the court that a consent is not required for the reason of unfitness. (Ill Rev Stats 1965, c 4, pars 9.1–1, 9.1–5 and 9.1–8.)

The circuit court of Livingston County properly denied the petition for adoption in this case and its action in so doing is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.