*In re* Petition of Chrystal Smith *et al.,* for Adoption, Petitioners-Appellants.

(No. 55866; ▮▮▮▮▮▮▮▮

First District—February 29, 1972.

Norman P. Wexler, of Chicago, for appellants.

Herman Knell, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Petitioners appeal from a denial in part of a petition of adoption and a granting in part of respondent's petition of *habeas corpus*.

Petitioners initiated an action to adopt the minors John Joseph Merges, Jr. (Hereinafter John, Jr.) and Dawn Denise Merges. Shortly thereafter respondent (John J. Merges, Sr.) filed a writ of *habeas corpus* seeking custody of the said children.

After hearings on the petitions the trial court ordered that the adoption petition be allowed as to Dawn Denise Merges but denied as to John, Jr. The court further ordered that respondent's *habeas corpus* petition be sustained as to John, Jr. and that petitioners turn over said child to respondent.

Petitioners appeal from that part of the order denying their petition to adopt John, Jr., and sustaining respondent's *habeas corpus* petition for custody of the child. Respondent does not appeal from any part of the order.

On appeal petitioners contend that the failure of the trial court to

find respondent an "unfit person", as defined in Ill. Rev. Stat. 1969, ch. 4, par. 9.1—1(D), was against the manifest weight of the evidence and therefore constitutes reversible error.

Respondent was married to Cheryl Ann Townsley in November, 1965. As a result of the marriage Cheryl gave birth to John, Jr., on October 26, 1966. Respondent was divorced from Cheryl in August, 1968, at Las Vegas, Nevada. By the terms of the divorce decree Cheryl was awarded custody of John, Jr., and respondent was ordered to pay $50 per month to Cheryl for the support and maintenance of said child.

Respondent returned to Chicago, Illinois, immediately after the divorce. Respondent testified that Cheryl told him that she was uncertain as to what she would do but that she was contemplating going to California to stay with her mother and that she would let him know where she was. Cheryl and John, Jr., returned to Chicago sometime around the beginning of September, 1968, and moved into the home of the petitioners.

Respondent did not pay any part of the support and maintenance payments ordered by the divorce decree before June, 1969. Respondent explained this dereliction at the hearing by testifying that he did not know where Cheryl was and therefore did not know where to send the money. Cheryl contacted respondent in June, 1969. Respondent testified that thereafter he gave Cheryl unspecified sums of money from time to time.

Respondent testified that he, Cheryl and John, Jr., went on picnics together in the summer of 1969. Cheryl became pregnant during this time. Cheryl and John, Jr., moved from the home of petitioners to an apartment in October, 1969. Respondent testified that Cheryl and John, Jr., stayed with him at his mother's home once or twice a week during October, 1969, and progressively increased the frequency of their visits to the point that they were staying with respondent most of the time. Respondent introduced photographs into evidence which showed Cheryl and John, Jr., at his home during Christmas of 1969. Cheryl gave birth to Dawn Denise out of wedlock on March 23, 1970. After the birth of Dawn Denise, Cheryl and the children resided with the petitioners. Cheryl died on May 26, 1970. Petitioners filed a petition of adoption on June 2, 1970. Respondent filed a writ of *habeas corpus* on June 8, 1970.

OPINION

In an action on a petition for adoption the petitioner must establish either that there has been a valid consent to the adoption or that consent is not required because the person of whom consent is normally required is an "unfit person." (Ill. Rev. Stat. 1969, ch. 4, par. 9.1—8.) If it is

alleged that consent is not required because the person having the authority to consent is an "unfit person" the ground of unfitness must also be alleged. Ill. Rev. Stat. 1969, ch. 4, par. 9.1—5(B) (j).

The petitioners in this action alleged:

"That JOHN J. MERGES, the father of JOHN JOSEPH MERGES has failed to maintain a reasonable degree of interest, concern or responsibility to the child's welfare and has continuously neglected his said child; that the father abandoned and deserted his said child on to wit: August 6, 1968, and persisted in said desertion from that date to the present time, or for a period in excess of three months immediately preceding the filing of this petition and he is, therefore, unfit to have the care and custody of his said child and his consent to this adoption is not necessary."

■■ Petitioners contend that the evidence adduced at trial showed depravity of the respondent and therefore the trial court should have found respondent to be an "unfit person." Petitioners did not allege depravity as a ground for finding respondent unfit. In addition to the statutory requirement that where unfitness is alleged the ground therefore must be alleged, (Ill. Rev. Stat. 1969, ch. 4, par. 9.1—5(B) (j)), it has also been held that an issue cannot be sustained without a corresponding pleading. (*Burke v. Burke,* 12 Ill.2d 483.) By failing to allege depravity as a ground of unfitness such was never placed in issue in the trial court, was not ruled upon there and cannot, therefore, be urged for the first time on appeal.

■■ The first two grounds of unfitness alleged in the petition of adoption, *i.e.,* failure to maintain a reasonable degree of interest, concern or responsibility to the child's welfare and continuous neglect have not been argued on appeal and will not, therefore, be considered. (Ill. Rev. Stat. 1969, ch. 110A, par. 341(e) (7); *People v. Adams,* 109 Ill.App.2d 385.) The only grounds of unfitness that will be considered on this appeal, therefore, are abandonment and desertion.

■■ Abandonment is any conduct of a parent which demonstrates a settled purpose to abstain from performance of all parental duties and to relinquish all parental claims to the child. (*Thorpe v. Thorpe,* 48 Ill.App. 2d 455.) Desertion is any conduct on the part of a parent which would indicate an intention to permanently terminate custody over the child but not to relinquish all parental duties and parental claims to the child. *Thorpe v. Thorpe, supra.*

Petitioners contend that proof of an intent of a parent to desert or abandon his child is not necessary. In support of this contention petitioners cite *Giacopelli v. The Crittenton Home,* 16 Ill.2d 556 (*Giacopelli*), and *Campbell v. Fisher,* 28 Ill.App.2d 454 (*Campbell*). *Giaco-*

*pelli* contains language to the effect that it is not necessary to find a natural parent unfit to terminate his rights in respect to the custody of his child and that the controlling question in such cases is: what is for the best interests of the child? The court in *Campbell,* citing *Giacopelli,* held that since proof of parental unfitness is no longer necessary then proof of intent to abandon or desert is unnecessary.

■■ Initially we note that *Giacopelli* was a *habeas corpus* case and did not involve an adoption. Custody, as determined in a *habeas corpus* action, and adoption are different things. (*Hill v. Allabaugh,* 333 Ill. App. 602; *Jackson v. Russell,* 342 Ill.App. 637.) As stated in *Jackson v. Russell, supra,* at page 639:

\* \* \*

"The welfare of the child is a much more appropriate yard stick in a custody case than in an adoption matter. Adoption, which affects the course of inheritance, deprives the child of a place in which it was placed by nature, and by force of law thrusts the child into another relationship, while severing forever and conclusively the legal rights and interests of the natural parents, and is a very different matter from a change of custody, which could be on a temporary basis."

■■ In *Campbell* there was a finding by the trial court of parental unfitness by reason of abandonment and desertion and that finding was specifically affirmed on appeal. We have not discovered a case where an adoption has been granted without the consent of the natural parent or a finding that the natural parent was unfit. A condition precedent to an adoption is either consent of the parent or a finding by the court that consent is not required for the reason of unfitness. (Ill. Rev. Stat. 1969, ch. 4, par. 9.1—8; *Robinson v. Neubauer,* 79 Ill.App.2d 362.) To prove unfitness by reason of abandonment or desertion there must be clear and convincing proof supported by evidence of conduct in accordance with the definitions hereinbefore advanced. (*Thorpe v. Thorpe, supra.*) Intent and an examination of the conduct toward the child are proper areas of judicial inquiry. *Carlson v. Oberling,* 73 Ill.App.2d 421.

■■ We cannot say that the trial court's decision was incorrect based upon the foregoing evidence. It is so well established that the correctness of the trial court's determination will not be disturbed on appeal unless it is against the manifest weight of the evidence that it would be a supererogaton to cite further authority in support of the principle.

■■ Petitioners further contend that the trial court improperly sustained respondent's *habeas corpus* petition as to John, Jr. It has long been held that a parent's right to the custody of his child is superior to that of any other person if the parent is fit to have custody of his children, although such right is not absolute and must yield to the best interest of

the child. (*Giacopelli, supra.*) The decision of the trial court in this case was not palpably against the manifest weight of the evidence and, therefore, will not be disturbed.

The orders of the trial court are therefore affirmed.

Orders affirmed.

LEIGHTON and SCHWARTZ, JJ., concur.