*In re* PETITION TO ADOPT DENIS MICHAEL CECH, a minor—(JAMES H. BERGSTEDT *et al.*, Petitioners-Appellees, *v.* ALBERT CECH, Respondent-Appellant.)

(No. 56176;

First District—November 16, 1972.

John L. White and Robert K. Kelty, both of Chicago, for appellant.

Frank N. McGee, of Oak Lawn, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Priscilla Bergstedt and Albert Cech are the parents of Denis Michael Cech. Pursuant to a divorce decree entered in December 1969, the mother was given custody of the child and the father was awarded visitation rights. Both parents subsequently remarried: the mother, twelve days after the decree, the father in April 1970. Thereafter, the child's mother and her new husband initiated this action to adopt Denis. The trial court granted the petition. This appeal involves the propriety of the court's ruling.

Albert Cech contends that the court was in error for two reasons: proof of his unfitness was not clear and convincing and the evidence did not establish that the adoption was in the best interest of the child.

Denis Cech was born in September 1966. Marital problems arose between the parents and in October 1968 Cech left his family and moved into a northwest side YMCA. The two-year-old child spent the next five weeks at the home of his paternal grandparents until his mother arranged for daytime care in a nursery school. A close friendship existed between Cech's mother and his wife and it continued after the separation. They talked to each other on the phone regularly and the grandmother frequently took care of Denis while his mother, a school teacher, did her school work. The grandmother testified that during 1969 she saw Denis once every week or two weeks at either her home or her daughter-in-law's. She visited her daughter-in-law and took the child to her home; on several occasions he spent the weekend at her home.

Cech did not see his son from the day he left his home until the summer of 1969. Thereafter, he saw him approximately once every six weeks at his mother's home. Occasionally, his mother brought the child to the park where he was employed as a physical education instructor. Whenever he talked to his mother on the telephone he inquired about Denis and she called him every time Denis stayed with her. Before the adoption

petition was filed he did not exercise his visitation rights because he wanted to avoid his former wife. After the petition was filed she stopped bringing Denis to his mother's; he then tried to arrange for visitation but she would not permit him to see his son. The last time they were together was in December 1970, when Denis was at his mother's home for the weekend. They played together for three or four hours. He, his mother and his wife testified that he bought birthday and Christmas gifts for his son which were forwarded by his mother.

When Cech left his wife he gave her the major part of his bi-monthly paycheck and the family car. Subsequently he paid $6,000 in household bills, which covered all the outstanding bills except for the automobile. He also agreed to pay $25 per week child support; this was later modified to $100 per month. At the time of the adoption hearing he was current in the support payments and maintained hospitalization insurance for the child.

■■ A petition for adoption must establish that there has been a valid consent to the adoption or that the person whose consent is normally required is unfit. (Ill. Rev. Stat. 1969, ch. 4, par. 9.1—8.) Cech's consent was necessary for the adoption. Since it was not given, the petitioners alleged:

> "That ALBERT R. CECH, the father, has failed to maintain a reasonable degree of interest, concern or responsibility to the child's welfare and has continuously neglected his said child; that the father abandoned and deserted his said child for a period in excess of three months immediately preceding the filing of this Petition and he is therefore unfit to have the care and custody of his said child and his consent to this adoption is not necessary."

Cech's consent to the adoption was not needed if any of the alleged statutory grounds of unfitness were proven: abandonment of the child; failure to maintain a reasonable degree of interest, concern or responsibility for the child's welfare; or, desertion of the child for more than three months preceding the commencement of the adoption proceedings. Ill. Rev. Stat. 1969, ch. 4, par. 9.1—1, subdivision D(a), (b), (c).

■■ Abandonment is conduct on the part of a parent which demonstrates a settled purpose to forego all paternal duties and to relinquish all parental claims to the child. Desertion, as contemplated by the Adoption Act, is any conduct on the part of a parent which indicates an intention to permanently terminate custody over the child but not to relinquish all parental duties and claims to the child. (*Petition of Smith* (1972), 4 Ill.App.3d 261, 280 N.E.2d 770; *Thorpe v. Thorpe* (1964), 48 Ill.App.2d 455, 198 N.E.2d 743.) Based upon these definitions, the facts

do not sustain the court's finding that Cech abandoned and deserted his child.

The court also found that Cech failed to maintain a reasonable degree of interest, concern and responsibility as to his child's welfare. The weight of the evidence, however, shows the contrary. Prior to the separation, on weekdays before he had to leave for work, Cech took care of his son while his wife taught school. After the separation, except for the first few months, he saw his child frequently. Even though he chose not to exercise his visitation rights through direct confrontations with his ex-wife, the fact remains that he saw Denis at his parent's home approximately every six weeks and he continuously asked his mother about his progress and well-being. He did not neglect the financial needs of his son; he kept abreast of the support payments ordered in the divorce decree. Furthermore, he maintained hospitalization insurance for his son and sent him toys and clothing at Christmas time and on his birthdays.

■■ Clear and convincing proof is required to establish grounds of unfitness. (*In re Deerwester* (1971), 131 Ill.App.2d 952, 267 N.E.2d 505.) The evidence falls far-short of this standard. The evidence does not support the finding that Cech was an unfit person by failing to maintain a reasonable degree of interest, concern or responsibility in the welfare of his child.

■■ The trial court also found that the best interest of the child required adoption and stated that this was the primary reason for its decision. Paragraph 9.1—15 of the Adoption Act (Ill. Rev. Stat. 1969, ch. 4, par. 9.1—15), contains the legislative declaration that the welfare of the child shall be the prime consideration in all adoption proceedings. (See, *Carlson v. Oberling* (1966), 73 Ill.App.2d 412, 218 N.E.2d 820.) Nevertheless, this declaration does not mean that, absent consent or unfitness, an adoption can be granted solely upon the basis of the best interest of the child. (*Petition of Smith, supra; Robinson v. Neubauer* (1967), 79 Ill.App.2d 362, 223 N.E.2d 705.) The welfare of the child may be the decisive criterion in awarding custody in divorce and separate maintenance cases but it is not the sole dictate of the result in adoption proceedings. Adoption, unlike mere custody, severs conclusively the rights and interest of natural parents. (Ill. Rev. Stat. 1969, ch. 4, par. 9.1—17.) These rights should not be terminated unless a clear and convincing case has been made in strict compliance with the adoption statute. (*People v. Bell* (1959), 20 Ill.App.2d 82, 155 N.E.2d 104.) The nature of adoption necessitates an appraisal of the effect not only upon the child but also upon the natural parent. As stated in *Jackson v. Russell* (1951), 342 Ill.App. 637, 97 N.E.2d 584:

"Adoption, which affects the course of inheritance, deprives the child of a place in which it was placed by nature, and by force of law thrusts the child into another relationship, while severing forever and conclusively the legal rights and interests of the natural parents, and is a very different matter from a change of custody, which could be on a temporary basis."

Although, as an abstract proposition, the welfare of Denis might be better served by avoiding intrusion into his present home life by his natural·father, the rights of the father and his readiness to support and educate his son must be respected. He cannot be divested of these rights upon the evidence presented to the trial court.

The judgment is reversed.

Judgment reversed.

McGLOON, P. J., and McNAMARA, J., concur.