*In re* PETITION TO ADOPT JOANNE LOUISE SHUMAN, a Minor.

DERRYL SHUMAN, Plaintiff, *v.* ELAINE SHUMAN, Defendant—(JACK D. JOLLAY *et al.*, Petitioners-Appellants.)

(No. 73-187;

Third District—September 18, 1974.

B. R. Tongren, of Clinton & Tongren, of Peotone, for appellant.

Mrs. Elaine Freeland, a/k/a Elaine Shuman, *pro se.*

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from the order of the circuit court of Will County denying the adoption petition of petitioners-appellants Jack D. Jollay and Mary Ann Jollay and intervenors-appellants Trenton Massey and Faye Massey and granting custody of two minor children to their natural mother, Elaine Shuman. Since only the appellants filed a brief on this appeal we might be justified in treating this case summarily but in view of the nature of this proceeding we feel that a decision on the merits is required.

The Shumans were married in April, 1967. Charles Shuman was born in October, 1967, and Joanne was born in November, 1968. Around September, 1970, Elaine Shuman left Derryl and the children in California and came back to Illinois. In November, 1970, Derryl Shuman left Charles with the Masseys and in January, 1971, he left Joanne with the Jollays. The father, Derryl Shuman, testified that he was not able to take care of the children, was not working, and had consented to the adoption of Joanne by the Jollays. Derryl filed for divorce in March, 1971, and Elaine filed a cross-complaint for divorce and custody in January, 1972. During the period between the granting of the divorce decree to Elaine in April, 1972, and the custody order in April, 1973, the two children remained with the Jollays and the Masseys. The court made the specific finding that Elaine Shuman was a fit and proper person to have custody of Joanne and Charles Shuman. This appeal is from the April, 1973, order granting the mother immediate custody and denying the petition for adoption which matters were considered together by the court.

The appellants raise two main arguments on this appeal. The first is that the finding that Elaine Shuman is a fit and proper person to have the care, custody and control of Joanne and Charles Shuman was against

the manifest weight of the evidence. The second argument on appeal rests on the premise that it is not necessary in an adoption proceeding to show that the natural parents have either consented or have been found to be unfit. The appellants argue that it would be in the best interests of the children to be adopted by appellants and that the trial judge did not make a finding as to what would have been in the best interests of the children.

■■■ First we will discuss appellants' contention that a finding of unfitness is not necessarily required in the present case. Section 8 of the Adoption Act states, "Except as hereinafter provided in this Section, consents shall be required in all cases, unless the person whose consent would otherwise be required shall be found by the court to be an unfit person as defined in Section 1 of this Act." (Ill. Rev. Stat. 1971, ch. 4, par. 9.1—8.) Even if it could be conceded here that it would have been in the best interests of the children to be adopted by appellants it is clear that there was no consent by the natural mother. There is case law to the effect that custody can be denied a natural parent in the absence of a finding of unfitness. (See *Giacopelli v. Florence Crittenton Home*, 16 Ill. 2d 556, 158 N.E.2d 613, and *People ex rel. Edwards v. Livingston*, 42 Ill.2d 201, 247 N.E.2d 417.) It is essential in a case as the one at bar to distinguish between a custody proceeding and an adoption case. In *Oeth v. Erwin*, 6 Ill.App.2d 18, 22, 126 N.E.2d 526, an adoption proceeding, the court held, "In adoption it is not the duty of the court to determine if petitioners could best provide for the child. The court must first determine if statutory grounds for adoption exist." The court there cited *Jackson v. Russell*, 342 Ill.App. 637, 97 N.E.2d 584. In *In re Petition to Adopt Cech*, 8 Ill.App.3d 642, 645, 291 N.E.2d 21, an adoption proceeding, the court stated that the welfare of the child shall be the prime consideration in all adoption proceedings but "Nevertheless, this declaration does not mean that, absent consent or unfitness, an adoption can be granted solely upon the basis of the best interest of the child" and cited *In re Petition of Smith*, 4 Ill.App.3d 261, 280 N.E.2d 770, and *Robinson v. Neubauer*, 79 Ill.App.2d 362, 223 N.E.2d 705. The distinction between the two types of actions is essential because adoption severs conclusively the rights and interests of natural parents. Accordingly, a clear case must be made establishing the statutory grounds before a consideration of the best interests of the child can be made. Appellants cite *Talbert v. Wallace*, 17 Ill.App.3d 956, 308 N.E.2d 823, to support their contention that a finding of unfitness is not necessary in order to have a valid change of custody. It must be noted that *Talbert* was an action by the father to change custody from the mother to him on the basis of changed conditions. Accordingly, *Talbert* is completely distinguishable from the case

▬▬ ▬▬

at bar in that the action was for a custody change only and not for adoption and also in that the action was by the natural father. In light of the foregoing it must be held in this case that a finding of unfitness of Elaine Shuman would be required in the absence of consent on her part to the petition for adoption.

Were this only an action for change of custody it might be possible to have an order denying custody to a natural parent in the absence of a finding of unfitness of the natural parent on the basis of the best interests of the children, but this court cannot upset the decision of the lower court unless such holding is palpably against the manifest weight of the evidence. This must be particularly true in light of the fact that the children have now been in the custody of the mother for almost 1½ years. Any determination as to the best interests of the children at this point would have to take into consideration the effect of such a change on the children at this time after having been with their mother for such a period.

■■ In reviewing the record it can be inferred that the mother was not an ideal mother and that her conduct was not always in the best interests of the children. It can also be inferred that part of the problem originated in the marital difficulties between the parties and that the mother was a fit and proper custodian of the children. It would serve no useful purpose to discuss the evidence in detail and there is sufficient evidence to support the findings of the trial court that the mother was a fit and proper person to have control, custody and care of the minor children. It cannot therefore be held as a matter of law that the trial court's finding was against the manifest weight of the evidence.

For the foregoing reasons the order of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.