*In re* ESTATE OF RUDOLPH M. WOODSHANK, Deceased.—(AUDREY SEBBEN, Ex'r of the Estate of Rudolph M. Woodshank, Petitioner-Appellant, *v.* ADELYNNE WOODSHANK *et al.*, Respondents-Appellees.)

(No. 74-298; ▮▮▮▮▮)

Third District—April 4, 1975.

Louis Olivero, of Peru, for appellant.

Paul Perona, of Spring Valley, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Petitioner Audrey Sebben, as executor for the estate of Rudolph Woodshank, filed a petition to sell decedent's one-half interest in residential property which had been owned jointly by decedent and his former wife Adelynne Woodshank, respondent herein. The Circuit Court of La Salle County granted respondent's motion to dismiss the petition, on the grounds that the property passed to respondent upon decedent's death, and petitioner appeals.

This dispute originated with a contested divorce proceeding. In October of 1969 Adelynne Woodshank was granted a divorce from Rudolph Woodshank. After a contested hearing to determine matters of property, alimony and attorney fees, a supplemental decree and order dated March 16, 1970, was entered which was based on findings set forth in a letter dated March 5, 1970, from Judge Gunning to the attorneys in that cause. Concerning the rights of the parties to the residence property, the court found, as follows:

"[T]hey are entitled to one-half of the residence property, and the real estate will not be divided in this decree and the title remain equally vested in joint tenancy. However, it is my intention to make the amount hereinafter allowed for the reasonable attorney fees of the Plaintiff [Adelynne Woodshank] to be charged to the Defendant [Rudolph Woodshank] a lien upon the Defendant's interest in the real estate until paid."

In a subsequent paragraph the court stated:

"I realize that I have not disposed of the real estate or directed its sale or disposition. As a suggestion to counsel for both parties, since Mrs. Woodshank and the two boys are now living in an apartment, Mr. Woodshank is apparently living by himself in the fairly commodious house, if the parties wish to reverse the circumstances and allow Mrs. Woodshank and the boys to reside in the house and Mr. Woodshank to find quarters elsewhere, I will be happy to reconsider my order as to both furniture and support money."

The supplemental order entered March 16 contained the following:

"B. Title to the real estate * * * shall remain equally vested in joint tenancy.

C. [T]hat judgment is hereby entered in favor of the plaintiff and against the defendant in the amount of $2,500.00 for * * * attorney fees; that there be impressed a lien in the amount of $2,500.00 against the defendant on his one-half interest of the real estate * * * to secure payment of the aforementioned attorney fees.

* * *

I. The defendant shall pay all taxes, maintenance and insurance on the real estate until such time as the property is sold by partition, sale or other means."

In a subsequent order the court impressed an additional lien in the amount of $1,650 on decedent's one-half of the real estate.

After Rudolph Woodshank's death, his executor (petitioner herein) petitioned to sell his one-half interest in the property. Mrs. Woodshank filed a motion to dismiss the cause which was granted by the circuit court. Petitioner appeals from the dismissal order, and contends that the decree of divorce taken with the orders set out above imposing a lien on decedent's one-half of the joint tenancy property terminated the joint tenancy, that thereafter decedent and his former wife held the property as tenants in common, with the result that decedent's one-half interest passed to his estate. Mrs. Woodshank argues that joint tenancy was not severed and that title to the decedent's one-half interest passed to her upon his death under her right of survivorship.

■■ Although no Illinois court has expressly ruled on the question of whether a joint tenancy is severed by a decree of divorce, we think the better view is the rule which prevails in other jurisdictions: a divorce decree alone does not effect a severance of joint tenancy real estate. (*Nichols v. Nichols,* 43 Wis.2d 346, 168 N.W.2d 876 (1969); *Poulson v. Poulson,* 145 Me. 15, 70 A.2d 868 (1950); see *Witzel v. Witzel,* 386 P.2d 103 (Wyo. 1963); *Gwin v. Camp,* 25 Cal.App.2d 10, 76 P.2d 160 (1938).) The general rule concerning the legal effect of a divorce decree upon property rights was stated in *Bulger v. Bulger,* 291 Ill.App. 233, 9 N.E.2d 425 (1st Dist. 1937), to be that divorce terminates those property rights and interests, not actually vested, of the divorced persons in the property of each other which are dependent upon the marriage relationship such as dower, curtesy, and rights of inheritance under the statute of descent, but that property rights of a husband and wife which exist independently of the marriage survive the divorce decree. (Also see *Seuss v. Schukat,* 358 Ill. 27, 192 N.E. 668, 95 A.L.R. 1461 (1934).) The right of survivorship of a joint tenant does not arise out of the marriage relationship. (*Duncan v. Suhy,* 378 Ill. 104, 37 N.E.2d 826 (1941).) In *Thomas v. Johnson,* 12 Ill.App.3d 302, 297 N.E.2d 712 (2d Dist. 1973), the court noted with apparent approval that both parties agreed that a divorce alone does not sever a joint tenancy.

■■■ Petitioner argues that the divorce decree taken with the judgment for attorney fees and liens impressed on decedent's one-half interest in the real estate were sufficient to terminate the joint tenancy. We cannot agree. It has been held that the filing of a judgment lien upon the interest

of one joint tenant does not sever a joint tenancy (*People's Trust & Savings Bank v. Haas*, 328 Ill. 468, 160 N.E. 85 (1927)), nor does a levy upon the interest of a joint tenant pursuant to a judgment lien (*Van Antwerp v. Horan*, 390 Ill. 449, 61 N.E.2d 358, 161 A.L.R. 1133 (1945)), nor does a judgment sale (*Jackson v. Lacey*, 408 Ill. 530, 97 N.E.2d 839 (1951)). Not until a conveyance divesting one tenant of his interest has been executed by the sheriff following a judgment sale is a severance of the joint tenancy accomplished. (*Johnson v. Muntz*, 364 Ill. 482, 4 N.E.2d 826 (1936).) Thus it is clear that under the law of Illinois, the order of the circuit court entering judgment and impressing a judgment lien upon decedent's one-half interest in the premises was not sufficient to terminate the joint tenancy. The fact that in this case the judgment creditor was also the joint tenant of the debtor would not prevent the application of general rules governing judgment liens. The lien upon decedent's share of the property was extinguished at death; thus as to the judgment lien, Mrs. Woodshank was in no different position than any other creditor would have been. See *Van Antwerp v. Horan, supra;* also see 1959 U. Ill. L.F. 932, 940-942, 958-964.

■■■ Petitioner also contends that the decree of the circuit court embodied an intention that the joint tenancy be severed. In *Duncan v. Suhy, supra,* the court stated the general rule that an agreement between joint tenants to hold as tenants in common will sever an existing joint tenancy, and that such an agreement may be inferred from the manner in which the parties deal with the property. "Thus a joint tenancy may be terminated by mutual agreement or by any conduct or course of dealing sufficient to indicate that all parties have mutually treated their interests as belonging to them in common." (378 Ill. 104, 109.) Noting that the post-nuptial agreement to be construed contained no provision for conveyance or sale of the property, but merely provided how the rent or proceeds of sale should be divided, the court held that the joint tenancy was not severed by the agreement. Petitioner argues that the decree in the case before us is a "course of dealing" sufficient to indicate an intent to terminate the joint tenancy. To the contrary, we believe that the record here discloses that there was no mutual agreement at any point in the divorce proceeding and that this decree is no more susceptible to an inference of intent to sever than was the agreement in *Duncan, supra.*

■■ In *Thomas v. Johnson, supra,* a divorce settlement agreement was incorporated in the decree together with an order to sell the premises held in joint tenancy, by the parties. The court held that the joint tenancy had been terminated by the agreement as set forth in the decree, and that tenancy in common was thereby created. Thus, upon the death of the husband prior to the sale, his former wife did not take his share as

surviving tenant. *Thomas* must be distinguished from the case here because here there was no settlement agreement and no order of sale. Where the decree does not purport to reflect an agreement between the parties, we think it cannot be held to accomplish a severance unless the court's intention to do so was clearly shown. We are persuaded that here the court's findings of March 5 demonstrate explicitly that sale or partition of the property was not contemplated, and in its decree of March 16, the court expressly ordered title to remain equally vested in joint tenancy. Thus neither the parties nor the court intended that the joint tenancy be terminated, and neither the parties nor the court can be said to have effected a severance.

In her reply brief, petitioner contends for the first time that in 1970 Mrs. Woodshank filed a complaint for partition of this real estate and that such an act would sever the joint tenancy. It is well settled that courts of review will not consider issues raised for the first time in a reply brief. *United States Fidelity & Guaranty Co. v. Hollerich & Walgenbach Co.*, 22 Ill.App.3d 156, 319 N.E.2d 287 (3d Dist. 1974).

Respondent urges that this appeal should be dismissed because the record on appeal was filed 48 days after the time for filing had expired. Supreme Court Rule 326 provides: "The record on appeal or certificate in lieu thereof shall be filed in the reviewing court within 63 days after the filing of the notice of appeal * * *." (Ill. Rev. Stat. 1973, ch. 110A, par. 326.) Provision is also made for extensions of time to be granted, but here no extension was requested. Petitioner contends that she relied upon verbal assurance from the circiut clerk that the record had been filed before the due date. The facts in the case before us show a reasonable excuse for the late filing, but no motion for an extension of time was filed as required by Rule 326.

■■ Although we have not elected to dismiss this appeal in this instance, the filing of the record after the expiration of the time for filing where no extension of time has been requested does subject the appeal to an order of dismissal. *Swift Agricultural Chemicals Corp. v. Marten*, 4 Ill.App.3d 60, 280 N.E.2d 269 (5th Dist. 1972).

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.