JOHN V. CULKIN *et al.*, Petitioners-Appellees, *v.* JANET LOUISE CULKIN, Respondent-Appellant.

(No. 12524; )

Fourth District—August 14, 1975.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Mike McElvain, of counsel), for appellant.

William E. Eaken, of Kankakee, for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The mother appeals from an order of the trial court finding that she was unfit, that her consent to adoption was not required and entering a decree granting adoption to petitioners. Petitioner, John Culkin, is the father of the child and Lorraine Culkin is his present wife.

■■ The father has custody under the provisions of a divorce decree entered in the State of Washington. He argues the "best interests" of the child. Absent parental consent or an order finding parental unfitness under the statute, the "best interests" of the child are not independent grounds for a decree of adoption. *In re Petition to Adopt Cech*, 8 Ill.

App.3d 642, 291 N.E.2d 21; *In re Petition of Smith,* 4 Ill.App.3d 261, 280 N.E.2d 77.

The divorce decree entered in Washington provides visitation rights in the mother. An immediate effect of the adoption is to sever such rights. The rights of natural parents to their children cannot be severed unless a clear and convincing case is presented in strict compliance with the adoption statute. *In re Overton,* 21 Ill.App.3d 1014, 316 N.E.2d 201; *In re Petition to Adopt Cech,* 8 Ill.App.3d 642, 291 N.E.2d 21; *In re Interest of Moriarity,* 14 Ill.App.3d 553, 302 N.E.2d 491.

The trial court found the mother unfit in the following particulars: A failure to maintain a reasonable degree of responsibility as to the child's welfare; a substantial neglect of the child, continued and repeated; the failure to protect the child from conditions within its environment injurious to the child's welfare, and open and notorious adultery.

██ In support of the finding of open and notorious adultery, the father argues that the mother had three older children who had been adopted, two of them being illegitimate. It is to be noted that these children were born and adopted prior to the marriage of the parties. Testimony of the father is that he and the mother were married on October 5, 1966, and that this child was born on January 5, 1967. It does not seem appropriate for the father to present such conduct as an issue under these circumstances. As in cases of divorce, the critical conduct must be found in acts occurring after the marriage. *Shorthose v. Shorthose,* 319 Ill.App. 355, 49 N.E.2d 280; *Mikkelsen v. Mikkelsen,* 239 Ill.App. 366.

The record shows that the father and the mother separated some 8 months prior to the divorce in Washington and travelled to California. What, if any, provision he made for the mother and the daughter is not disclosed. At such time it appears that the mother and child travelled to Arizona and New Mexico. It appears to be concluded that at such time she was living in open and notorious adultery. There is no evidence of such fact, but only a conclusion. The mother admits that she lived for a time in the respective homes of two men but denies any adultery. There is no undertaking by the father to testify to such fact. In the subsequent decree for divorce there was no finding that the mother was an unfit person to have the custody of the child. So far as it appears in the evidence, the decree awarded custody to the father upon the mother's indication that she was then unable to provide a home for the child.

The measure for the proof of unfitness is that there must be clear and convincing evidence of that fact. *Thorpe v. Thorpe,* 48 Ill.App.2d 455, 198 N.E.2d 743; *In re Petition of Smith,* 4 Ill.App.3d 261, 280 N.E.2d 770.

██ That measure of proof applies equally to the findings of failure to maintain reasonable responsibility for the child and substantial neglect.

Such responsibilities must be considered in the context that the mother had not had any custody since the decree of divorce. The father admitted that he had denied or restricted visitation and dictated the circumstances of what visitation he permitted. He testified that so far as he is concerned the mother does not have a right to see the child except in his presence. In such light, we give little weight to his argument that it is evidence of the mother's indifference to the child that she did not immediately ask to see the child upon her return to Illinois for the adoption hearing. He admitted that a citation was pending in the State of Washington against him for failure to comply with the decree which permitted visitation.

Subsequent to the divorce, the father removed the child to Illinois requiring extensive, if not difficult, travel. The evidence shows that the mother maintained association with the child by telephone and by the sending of gifts within her apparent means. It is not denied by the father that the mother had sent money and tickets for the child to visit. The father refused to permit the visit and apparently kept the money.

Upon the facts apparent in the record, it is clear that the findings of the court are not supported by clear and convincing evidence.

The judgment below is reversed.

Reversed.

SIMKINS, P. J., and GREEN, J., concur.