JOHN EVANS, appellant, *v.* HORACE LANDON, appellee.

## *Appeal from Greene.*

Under the *"Act regulating the sale of property,"* approved February 27th, 1841, the plaintiff in execution may elect on what property of the defendant he will have his execution levied, except the land on which he resides, and his personal property, which shall be last taken.

A. recovered a judgment against B. on which execution duly issued. Subsequently an *alias fi. fa.* was issued and levied on certain real estate, appraisers selected and sworn, but they not being able to agree, the *fi. fa.* was returned by the sheriff. Afterwards, a *pluries* was issued and levied on the same property, appraisers selected, two of whom agreed in their valuation, but the other stated that he did not think it "worth that much," and this execution was also returned. The first execution was issued and levied without the knowledge or consent of the plaintiff, so that he had no opportunity of selecting other real estate, which the defendant had, on which to make the levy. A motion to set aside the levy and for a new execution, supported by an affidavit of these facts, was made, and allowed by the Circuit Court: *Held,* that the motion was properly allowed.

In order to constitute a valid appraisement, all of the appraisers must agree.

THIS was the case of a motion in the Greene Circuit Court, before the Hon. Samuel D. Lockwood, at the April term 1843, made by the appellee, to set aside a levy and for a new execution; which motion was allowed, and the defendant below appealed to this Court. The material facts are briefly stated in the Opinion of the Court.

*J. J. Hardin & D. A. Smith,* for the appellant, made the following points:

1. If the appellee was negligent, or indifferent, in directing the levy of execution, he cannot take advantage of such negligence or indifference.

2. It is not alleged that there was any defect of title in the estate levied upon.

3. The lot numbered ninety six, (96), was never appraised, or attempted to be appraised. *That* might have satisfied the execution. There is no evidence of the indivisibility of lot numbered one hundred and thirty, (130.) The disagreement of the appraisers of that lot, could only

be remedied by appraisers subsequently chosen. If appraisers could not be found to agree, that was a *casus omissus,* which the Court could not provide for.

4. The setting aside of the levies was gratuitous, and only tended to harass the applicant, and vex him with accumulation of costs.

*A. W. Cavarly,* for the appellee.

The Opinion of the Court was delivered by

TREAT, J.   In April 1839, Landon recovered a judgment against Evans for $691·28.   An execution was issued thereon, on the 29th day of January, 1841, and levied on lots ninety six (96,) and one hundred and thirty, (130,) in the town of Carrollton.   Three appraisers were sworn to appraise the lots. They proceeded to appraise lot one hundred and thirty, (130,) but did not agree, one valuing it at $1000, one at $1500, and the other at $1700.   In consequence of this disagreement, the sheriff returned the execution.   On the 7th of July, 1841, a second execution was issued, and levied on the same property. Three appraisers were sworn to appraise lot one hundred and thirty, (130,) two of whom valued it at $1000; the other did not consider it worth that much.   This execution was returned without any further proceedings under it.

At the April term 1843, the Circuit Court, on the motion of the plaintiff, set aside the levy, and directed a new execution to issue.   In support of the motion, an affidavit of the plaintiff was read, stating that the first execution was issued and levied without his knowledge or consent, so that he had no opportunity of selecting other real estate of the defendant on which to make the levy; and that the defendant had other real estate subject to execution.   The allowance of the motion is assigned for error, by Evans, who has prosecuted an appeal to this Court.

The proceedings on the executions were had under the "*Act regulating the sale of property,*" approved February 27th, 1841.   By the provisions of that Act, the plaintiff may elect on what property of the defendant he will have his ex-

ecution levied, except the land on which he resides and his personal property, which shall be last taken on execution. The property levied on, is to be appraised by three house-holders, and cannot be sold for less than two thirds of the appraisement. In order to constitute a valid appraisement, all of the appraisers must agree. There being no such appraisement in this case, the sheriff could not proceed to make sale of the premises. It appears that the plaintiff had no opportunity of electing on what property he would have his execution levied, and that two ineffectual attempts were made to procure an appraisement of the property actually levied on by the sheriff. Under such circumstances, we cannot say that the Circuit Court decided erroneously in discharging the levy, and in authorizing another execution to issue, which might be levied on other property of the defendant. It was but enabling the plaintiff to exercise the right of election conferred on him by the statute, and could work no material injury to the defendant. The levy on real estate does not deprive the defendant of the use of his property, by transferring the possession to the sheriff, as in the case of a levy on personal property.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*