J. M. KINKADE *et al.*
*v.*
EMILY J. GIBSON *et al.*

*Opinion filed April 20, 1904.*

1. PRACTICE—*an assignment of errors must be signed by party or his attorney.* The assignment of errors is the pleading of the appellant or plaintiff in error and must be signed by him or his attorney, and absence of such signature is ground for motion to dismiss.

2. EVIDENCE—*when failure of a judgment to recite service does not render it inadmissible.* Failure of a judgment to recite service of process does not render it inadmissible in evidence in ejectment, where the process itself is in evidence and shows service.

3. NOTICE—*what sufficient notice to administrator before issuing execution.* The statute requiring service of notice upon an administrator before the issue of an execution upon a judgment against the intestate contemplates personal service, but is sufficiently complied with if the notice is mailed to the administrator, who received it.

4. JUDGMENTS AND DECREES—*execution must conform to the judgment.* An execution is not admissible in ejectment as tending to sustain title acquired under a sale to satisfy a judgment, where it does not follow the judgment, but appears to have been issued upon a different judgment from the one on which the sale was based.

5. SAME—*purpose and form of judgment of revivor.* The purpose of a revivor is to give a dormant judgment its original force as a lien

upon the judgment debtor's property, and the proper form of the judgment is to award execution for the amount of the original judgment, with interest from the rendition, and costs.

6. SAME—*death of judgment debtor does not extinguish the judgment.* Death of a judgment debtor more than a year after the judgment was rendered does not affect the force of the judgment, notwithstanding it has ceased to be a lien upon his land because no execution was issued within the year.

7. SAME—*when execution may issue against land after the judgment debtor's death.* While title to the land remains in the heirs, an execution may issue at any time within seven years from the date of the judgment against the deceased ancestor, excepting that it cannot issue for a year after the latter's death and after three months' notice to the heirs or legal representatives, which time is not included within the seven years.

APPEAL from the Circuit Court of Richland county; the Hon. P. A. PEARCE, Judge, presiding.

LEVI CLODFELTER, for appellants.

ALLEN & FRITCHEY, and H. G. MORRIS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit in ejectment brought by appellants, the heirs-at-law of James Kinkade, deceased, in the circuit court of Richland county, against the appellees. There was a plea of not guilty and an affidavit that the parties claimed title from a common source. Upon a trial before the judge, without a jury, the issue was found for the defendants and judgment was rendered against the plaintiffs for costs.

Upon the back of the transcript a paper has been pasted, on which there appears what was evidently intended as an assignment of errors, but it is not in the form of such an assignment and is not signed. The assignment of errors is the pleading of the appellant or plaintiff in error, and must be signed by him or his attorney. (2 Ency. of Pl. & Pr. 960; 2 Cyc. 1002.) If a motion

had been made to dismiss the appeal for want of a proper assignment of errors the appeal would have been dismissed. There was no motion to dismiss the appeal, and the cause having been submitted for decision, we have concluded to consider the case as presented by counsel.

James Kinkade, at the time of his death, on August 23, 1893, was the owner of certain premises in Richland county, and plaintiffs are his heirs-at-law. At the January term, 1884, of Richland county James S. McCartney, for the use of James McWilliams, recovered a judgment in assumpsit by default against said James Kinkade for $410.90 and costs. At the January term, 1891, that judgment was revived by default on *scire facias* against said James Kinkade. No execution was issued after the revivor before the death of James Kinkade, on August 23, 1893. After his death execution was issued on October 24, 1894, by virtue of which the sheriff levied upon and sold said lands to James McWilliams, and the lands not being redeemed, a deed was executed to McWilliams and he conveyed to Emily J. Gibson, one of the defendants.

There are several objections to rulings on the admission of evidence. Plaintiffs objected to the introduction of the original judgment, for the reason that it did not recite service of summons on James Kinkade. The objection was overruled, and in this there was no error, for the reason that the summons was in evidence and showed personal service on Kinkade more that ten days before the first day of the term of court at which the judgment was rendered.

The defendants offered in evidence an execution dated June 30, 1884, running in the name of James S. McCartney, for the use of James McWilliams, against James Kinkade. The execution was objected to and the objection overruled. In this the court erred. An execution must conform to the judgment, (*Hobson* v. *McCambridge*, 130 Ill. 367,) and this execution did not follow the judgment in an essential particular, but appeared to have

been issued on a different judgment. The case must be treated as though the first execution issued on the judgment was on August 24, 1894, after the death of the judgment debtor. But in our opinion neither the rights of the parties nor the result of the suit was affected by the erroneous ruling.

The judgment on the *scire facias* was objected to on the specific ground that it did not affirmatively show service of the writ upon the defendant. The writ had been admitted in evidence with a return thereon showing it had been duly served, and the specific objection made was properly overruled. The judgment is exceedingly informal and there is a variance between the writ and the judgment in the name of the nominal plaintiff, but the variance was not made a ground of the objection and there was no ruling on that subject to be reviewed. The purpose of a revivor is to renew a dormant judgment and to give it its original force as a lien on the judgment debtor's property, and the proper form of the judgment is to award execution for the amount of the original judgment, with interest from its rendition, and costs. We think that this judgment, although not in the best form, contains the essentials of a judgment of revivor.

It was objected that there was no sufficient evidence that notice was given to the administrator before issuing execution, as required by the statute. An attorney testified that he sent a notice to the administrator and filed a copy with the clerk of the county court, but that the copy had been lost from the files. The statute does not specify a different mode of service of the notice, and therefore it must be personal. (*Chicago and Alton Railroad Co.* v. *Smith*, 78 Ill. 96.) The evidence that the notice was mailed was not sufficient, but the administrator testified that he received a notice and took it to the attorney who sent it, and that the attorney explained it to him. The notice was actually received by the administrator, and we regard the statute as having been complied with.

The levy on the lands and subsequent proceedings were objected to on the ground that the description of the premises was uncertain. The declaration is not abstracted, and the abstract does not show, in any manner, what lands plaintiffs were seeking to recover. The levy and subsequent proceedings were sufficiently definite as to part of the lands, at least, and as the abstract does not show what lands plaintiffs were suing for, we cannot say that the levy did not describe them.

Several receipts showing payments of taxes by the defendants were improperly admitted in evidence. There was no title in the defendants under the Limitation act, and the question who paid the taxes was immaterial. The tax receipts, however, did not affect the result in any way, and the judgment cannot be reversed on account of their admission.

The principal question is whether the premises could be sold under an execution issued after the death of James Kinkade on a judgment which was not a lien upon the premises at the time of his death. No execution was issued within a year after the judgment of revivor, and the lien of the judgment therefore expired in the lifetime of the judgment debtor. By the statute a judgment of a court of record is a lien on the real estate of the person against whom it is obtained, from the time it is rendered or revived, for a period of seven years. When execution is not issued within one year from such rendition the lien so created ceases, but execution may issue within seven years and will become a lien from the time of the delivery of the execution to the sheriff. In case of the death of a person against whom a judgment is rendered, execution may issue and a sale be made without reviving the judgment against his heirs, but no execution can issue until after the expiration of twelve months from his death, nor until his legal representative or heirs shall have had three months' notice of the existence of the judgment. (Hurd's Stat. 1899, pp. 1048-1053.) After the

expiration of one year from the judgment of revivor James Kinkade could have sold the premises discharged of the lien of the judgment, but if he had been living when execution was issued it would have become a lien upon the premises when delivered to the sheriff. The claim here is, that the title having passed to the heirs after the lien had expired, they took the premises unaffected by the judgment and that the execution afterward issued did not become a lien. We are of the opinion that execution could be issued and would become a lien while the title remained in the heirs, at any time within seven years after the judgment was revived, not including the delay on account of the death of the judgment debtor. The cases relied upon by counsel are where an execution could not have been issued so as to become a lien if the judgment debtor had been living. The statute fixes no limitation to the issuance of execution against the lands of the deceased judgment debtor other than the general provision and the provision that the delay on account of the death of the defendant shall not be considered as any part of the time for issuing execution. The provision is general that execution may issue against the real estate of the deceased judgment debtor, provided that no execution shall issue until after the expiration of twelve months and after notice to the legal representative or heirs. There seems to be no sufficient reason why the lands of the deceased judgment debtor should not be subject to execution within the statutory period, so long as they are held by his heirs or devisees. The death of the judgment debtor does not change the legal status of the judgment, and the statute only affects its enforcement by staying execution for a fixed period.

There is no material error in the record, and the judgment is affirmed.    *Judgment affirmed.*