(No. 28641.—

BERTHA G. VAN ANTWERP, Appellee, *vs.* ALBERT J. HORAN, Bailiff, *et al.,* Appellants.

*Opinion filed May 23, 1945.*

450

WERNER W. SCHROEDER, and THEODORE W. SCHROE-
DER, both of Chicago, for appellants.

HAROLD L. REEVE, and ELMER M. LEESMAN, both of
Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

Appellee, Bertha G. Van Antwerp, filed her complaint
in the circuit court of Cook county on September 19, 1944,
seeking to restrain Albert J. Horan, as bailiff of the mu-
nicipal court of Chicago, from selling certain real estate
which she had purchased from Eva M. Ormond. The
complaint charged that on September 25, 1941, the Engle-
wood Hospital Association of Chicago recovered a judg-
ment against one Frank Ormond, in the sum of $83.75, in
the municipal court of Chicago; that execution was issued
and served and, on October 30, 1941, a levy was made
under the execution on the interest of Frank Ormond, who
owned the said real estate in joint tenancy with his wife,
Eva M. Ormond; that after the execution and levy, Frank
Ormond, on September 20, 1942, died leaving surviving
his widow who, during his lifetime and at the time the
judgment was obtained against him, was the owner, in
joint tenancy with him, of the property against which

the levy was made; that on August 18, 1944, Eva M. Ormond conveyed the property to appellee, who went into possession of the real estate; that on September 19, 1944, the defendant Harry L. Peters purchased from the Englewood Hospital Association of Chicago, its interest in said judgment. The appellants, Albert J. Horan, bailiff of the municipal court of Chicago, and Harry L. Peters, assignee of the judgment creditor, Englewood Hospital Association, filed their motion to dismiss, in which they urged that the making of the levy acted as a severance of the joint tenancy and that the joint tenancy having become severed, the interest of the joint tenant, who was judgment debtor, was subject to be sold at the bailiff's sale. The motion being denied, the defendants elected to stand upon their motion and the trial court entered a decree that a permanent writ of injunction issue against the defendants, Albert J. Horan, bailiff of the municipal court of Chicago, and Harry L. Peters, restraining said defendants, each and both of them and their servants and agents, from selling, or offering to sell, the premises in question, or any interest therein, pursuant to the levy made October 30, 1941, as shown by the recorded certificate. From this decree the defendants appeal.

The sole question presented to this court for determination is whether or not a joint tenancy is severed by a levy made under the execution upon the share or interest of one of the joint tenants.

The characteristics of a joint estate are derived from its unity, which are the unity of interest, the unity of title, the unity of time and the unity of possession. (*Gaunt v. Stevens,* 241 Ill. 542; *Deslauriers v. Senesac,* 331 Ill. 437.) It is the destruction of one or more of the four unities that severs and destroys the joint tenancy and this may be done by a conveyance, voluntary or involuntary, of the interest of one of the joint tenants, and the unity of title and interest being destroyed, the interest severed is changed into a tenancy in common. (*Spadoni v. Frigo,*

307 Ill. 32.)   It is recognized that the interest of the joint tenant in real estate is subject to levy and sale upon execution.   *Johnson* v. *Muntz,* 364 Ill. 482.

The appellants urge, however, that the making of the levy destroys the identity of interest in that this is such an act in reduction of the interest of the joint tenant as to destroy the unity of interest and to bring about a severance of the joint tenancy.   This court has previously considered the question of the effect of a judgment lien on the interest of a joint tenant and has held that the judgment lien does not sever the joint tenancy and that by the taking of the judgment nothing was done to sever this estate.   (*Peoples Trust and Savings Bank* v. *Haas,* 328 Ill. 468.)   This presents to us for consideration the effect of the levy upon the interest of the judgment debtor holding as a joint tenant.   To be specific, does a levy made under an execution upon the share or interest of one of the joint tenants, sever or terminate, before final sale, the joint tenancy?   This presents a new proposition and we have been cited no authority in which this exact and precise question has been passed upon in this or any other court.

Appellants cite a number of authorities to the effect that the interest of a joint tenant in real estate is subject to levy and sale upon execution and that estates in joint tenancy may be severed, and it is pointed out that the courts have recognized a number of circumstances that will cause the severance of a joint tenancy.   It is quite true, and the cases cited by appellants so hold, that estates in joint tenancy may be severed, but those cases lend but little aid in solving the question here.   The case of *Spadoni* v. *Frigo,* 307 Ill. 32, cited by appellants, holds that a joint tenancy may be severed or destroyed by a voluntary or involuntary conveyance of the interest of one of the joint tenants.   To the same effect is *Liese* v. *Hentze,* 326 Ill. 633.

It will be observed in the *Hentze case* that a mortgage was involved and this constituted such a voluntary conveyance as severed the joint tenancy. We think the serious question for determination in this case is whether or not the levy of an execution upon the interest of a joint tenant reduces his interest below that of another joint tenant and thus destroys the unity of interest. It is argued that, as the doctrine of severance is based upon the destruction of one or more of the four unities, in the case of a levy this is a sufficient reduction of the interest of one of the joint tenants and such a reduction of interest as to result in a severance of the joint tenancy.

Appellants state that as a joint tenancy is severed by a trust deed or mortgage made by one of the joint tenants, therefore a joint tenancy is severed by execution and levy upon the interest of one of the joint tenants. This does not follow, due to the fact that the interest of a mortgagee and the interest of a judgment creditor who has caused a levy to be made, are not identical. The giving of a mortgage conveys title as between the mortgagor and mortgagee. (*Rohrer* v. *Deatherage,* 336 Ill. 450.) This is such a reduction of interest as to result in the severance of the joint tenancy. (*Lawler* v. *Byrne,* 252 Ill. 194.) This is a lessening of the interest of one of the joint tenants. It is apparent that when a joint tenant mortgages his interest in the property, he does not then retain the same *quantum* of interest as the other joint tenant. There has been a reduction in interest and when this reduction occurs, there is a destruction of that unity of interest which in turn severs the joint estate.

The taking of a judgment gives to the judgment creditor a lien upon the property of the judgment debtor, and we have held before that the attaching of a judgment lien upon the interest of a joint tenant does not sever the joint tenancy. (*Peoples Trust and Savings Bank* v. *Haas,* 328

Ill. 468.) By following this decision, it is clear that if the attaching of a judgment lien upon the interest of a joint tenant does not sever the joint tenancy, the making of a levy upon the interest of the joint tenant debtor would not be such act as would sever the joint estate, because of the fact that the levy gives no greater interest than that which the judgment creditor already possessed. (*Tenney* v. *Hemenway,* 53 Ill. 97; *Union National Bank* v. *Lane,* 177 Ill. 171.) The interest of the judgment creditor and that of a mortgagee are not identical, because, as seen, title has been passed between the mortgagor and mortgagee in the giving of a mortgage, while the judgment creditor has only obtained a lien which might or might not ripen into title, and until such title has been perfected, there has not been that destruction of the unity of interest of the joint tenant which causes a severance of the joint tenancy.

Appellants cite authorities from other states on the proposition that the severance of a joint tenancy occurs at the time of the levy. It is sufficient to say that an examination of these authorities reveals that, in the jurisdictions in which such holdings have been made, the levy upon the real estate was made by seizing the same. It follows that the seizure would of necessity interfere with the possession of the joint tenant and thereby cause a destruction of the unity of possession which would result in a severance of the joint estate. A different proposition is presented in those jurisdictions in which the levy is made by an actual seizure of the property. In this State, the levy on real estate does not deprive the defendant of the use of his property by transferring the possession to the sheriff as in the case of a levy on personal property, (*Evans* v. *Landon,* 6 Ill. 307,) and in those jurisdictions where it is provided that the levy upon real estate is by the seizure of the same, a different rule necessarily must be followed,

as it is clear that in those jurisdictions there is a destruction of the unity of possession.

Under the law and procedure in this State, it appears that the levy is just another step in the process directed toward a final sale. It is, however, not such an act as can be said to have the effect of a divestiture of title. There has not been, as yet, the destruction of identity of interest or of any other unity which must occur before we can say the estate of joint tenancy has been severed and destroyed. There does not appear to have been, by reason of the levy, such interference with, or diminution of, the interest of the one joint tenant as to enable us to say that there has been a destruction of the identity of interest; and such a destruction is necessary before we can say that there has been a termination and severance of the joint tenancy. We therefore hold that the levy of the execution upon the share of one of the joint tenants does not sever or terminate the joint tenancy.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*