(No. 31798.—

ZORA JACKSON *et al.,* Appellants, *vs.* WALTER C. LACEY *et al.,* Appellees.

*Opinion filed March 22, 1951.*

WILLIAM MAROSCO, and ALBERT S. LIGHT, both of Chicago, for appellants.

CHARLES F. GRIMES, and EDWARD R. CULLEN, both of Chicago, for appellee Max Schorvitz.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

A decree of the chancellor of the superior court of Cook County denied to the plaintiffs-appellants the right to maintain a suit for partition of real estate, in which they claimed a one-half interest. The appeal is direct to this court, for a freehold is involved, as plaintiffs will either gain or lose such estate.

The facts were stipulated. Lucille Lacey and Walter Lacey, husband and wife, were joint tenants of the involved property. During their lifetime, a creditor of Walter Lacey reduced his claim to a judgment in the municipal court of Chicago, and a levy was made on the interest of Walter Lacey in the property. That interest was sold by the bailiff of the municipal court, and Lucille Lacey was the purchaser. A certificate of purchase was issued to her. Thereafter, but before the time of redemption from the sale had expired, Lucille Lacey died intestate, without having had or adopted any child or children. Her heirs-at-law are five sisters and a brother, who are the plaintiffs, and Walter Lacey. The certificate of purchase was recorded after the death of Lucille Lacey. Sometime after the recording of the certificate, Walter Lacey quitclaimed the whole of the property to defendant Schorvitz.

Just one question is presented by the case: Did the sale by the bailiff pursuant to judgment, execution and levy against the interest of Walter Lacey as one joint tenant operate to sever that tenancy? We have heretofore held the attaching of a judgment lien upon the interest of a joint tenant does not sever the joint tenancy (*Peoples Trust and*

*Savings Bank* v. *Haas,* 328 Ill. 468;) and that a levy under such judgment does not operate to sever such tenancy. (*Van Antwerp* v. *Horan,* 390 Ill. 449.) The plaintiffs believe that a sale based upon such judgment and levy will, by itself, operate to give to the purchaser at the sale a greater interest than was possessed by the judgment creditor.

Plaintiffs claim this court held in *Johnson* v. *Muntz,* 364 Ill. 482, that a sheriff's sale of the interest of one joint tenant severed the joint tenancy, and that the ruling answers the question here in their favor. The case was a suit in partition, brought by Muntz after he had acquired his undivided one-half interest by reason of a sheriff's deed following judgment, execution and levy on the interest of the plaintiff's joint tenant, her husband. The case does not control here because the severance of the joint tenancy had taken place by the issuance of the sheriff's deed before the partition suit was filed. The question of severance by the sheriff's sale was not involved. Both parties recognized that the deed was the act of severance, and it was also recognized by this court when we said, "The joint tenancy was terminated by the sheriff's conveyance, which divested Johnson of his interest * * *." *Spadoni* v. *Frigo,* 307 Ill. 32, is also cited because it holds that an involuntary conveyance will sever a joint tenancy. That is true, for such conveyance destroys one of the unities of title. The case does not apply here simply because the bailiff's sale, together with the certificate of purchase, will not, in law, be a conveyance. That act cannot be committed until after the period of redemption has expired *sans* redemption.

The case of *Van Antwerp* v. *Horan,* 390 Ill. 449, presented to this court the question whether a joint tenancy is severed by a levy made under an execution upon the share or interest of one of two joint tenants. We said, "* * * the levy is just another step in the process directed toward a final sale. It is, however, not such an act as can be said to have the effect of a divestiture of title.

There has not been, as yet, the destruction of identity of interest or of any other unity which must occur before we can say the estate of joint tenancy has been severed and destroyed." The bailiff's sale and certificate of purchase did not bar Walter Lacey from possession, and he held the same estate in the land. The quoted holding from the *Van Antwerp case* can very well be extended to include the act of sale, for sale is but another step forward toward a divestiture of title which can only come about at a future time, if not barred by a redemption.

The chancellor did not err in entering the decree dismissing the complaint for want of equity, and it is affirmed.

*Decree affirmed.*