THE MERCHANTS NATIONAL BANK OF AURORA, Plaintiff-Appellant, *v.* LOWELL D. OLSON, Defendant-Appellee.

(No. 73-331;

Second District (2nd Division)—April 2, 1975.

North, North, & Ohlson, of Rockford, and Goldsmith, Dyer, Thelin, Schiller, & Dickson, of Aurora (Martin L. Cassell, of counsel), for appellant.

Reno, Zahm, Folgate, Skolrood, Lindberg, & Powell, of Rockford, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This case arose on a citation by plaintiff, The Merchants National Bank of Aurora, to discover assets of Marvel Olson Shores. The plaintiff Bank had obtained a judgment in 1962 against Lowell D. Olson only and had filed a memorandum of judgment creating a lien against real estate which Olson since 1956 had owned in joint tenancy with his wife Marvel. After Olson died the Bank commenced the instant proceedings. The wife, since remarried, moved to dismiss and the Circuit Court of Winnebago County dismissed the complaint finding (a) that on the death of Olson, Marvel became sole owner, as surviving joint tenant, free and clear of the lien of plaintiff Bank on the undivided one-half interest owned by Olson, previous to his death, and (b) that section 219b of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 219b) has no application to the facts of this case.

The Bank has conceded that the rendition of a judgment against one joint tenant of real estate does not constitute a severance of the joint tenancy and has agreed that the law prior to the enactment of section 219b was that if the debtor dies before a sale is had the debtor's share vests in the surviving joint tenant free of the judgment lien. See *Jackson v. Lacey*, 408 Ill. 530; *Van Antwerp v. Horan*, 390 Ill. 449, 161 A.L.R. 1133; *Peoples Trust & Savings Bank v. Haas*, 328 Ill. 468; *Spikings v. Ellis*, 290 Ill.App. 585, 593.

The Bank does contend that section 219b of the Probate Act has changed the law concerning survival of liens on real estate held in joint tenancy when the lien was only against the interest of the deceased.

We do not agree with the Bank, and we affirm the judgment of the trial court.

Section 219b is titled, "No Exoneration of Encumbered Interests in Real Estate." The title of an act is to be considered in construing it. *People ex rel. Toman v. Illinois Central Hotel Co.*, 380 Ill. 203, 205; *Morck v. Nicosia*, 91 Ill.App.2d 327, 332.

The applicable paragraph which the Bank tenders would read:

"Except as otherwise expressly provided by the decedent's will;

(a) When any real estate * * * subject to an encumbrance, * * * passes by joint tenancy * * * the surviving tenant * * * takes it subject to the encumbrance and is not entitled to have the indebtedness paid from other real or personal estate of the decedent." Ill. Rev. Stat. 1971, ch. 3, par. 219b.

A thorough discussion of the doctrine of exoneration as applicable and comment to this section may be found in 4 James, Illinois Probate Law and Practice 222-227 (A. Fleming Supp. 1972).

■ Section 219b abrogates the doctrine of exoneration in respect to the right of a surviving joint tenant to have liens on the real estate paid in whole or in part out of the decedent's probate estate.

■■ The statute assumes the existence of a lien indebtedness against the real estate interest, referred to as an "encumbrance." The requisite is that the real estate be "subject to an encumbrance."

■■■ The real estate involved in the instant case was not subject to an encumbrance from the instant of the death of Marvel Olson because the property right on which the judgment was a lien was gone at that precise moment. The lien expired because there was no interest to which it could attach or be levied on. A judgment lien cannot subsist where there is no property to be bound by it. 46 Am.Jur.2d *Judgments* § 237 (1969); *Jeffrey v. Moran*, 101 U.S. 285, 25 L.Ed. 785. Compare *Petition of Lehman v. Cottrell*, 298 Ill.App. 434, 440 (homestead estate).

■■ This court can only conclude from a plain reading of section 219b in all its parts, including its title, that it was never intended to alter or affect this creditor's rights or the doctrine of severance of joint tenancies in real estate in Illinois.

When a creditor has a judgment lien against the interest of one joint tenant he can immediately execute and sell the interest of his judgment debtor and thus sever the joint tenancy, or he can keep his lien alive and wait until the joint tenancy is terminated by the death of one of the joint tenants. If the judgment debtor survives, the judgment lien immediately attaches to the entire property. If the judgment debtor is the first to die, the lien is lost. If the creditor sits back to await this contingency, as the Bank did here, it assumes the risk of losing the lien.

Affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.